IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEAN JAMES LABUDA, FR-6396,    )
      Petitioner,           )
                          )
         v.              )  2:09-cv-910
                          )
UNITED STATES DISTRICT COURT    )
3RD CIRCUIT, et al.,          )
      Respondents.[1]      )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Dean James Labuda for a writ of

habeas corpus be dismissed and that a certificate of appealability be denied.

II Report:

Dean James Labuda has presented a petition for a writ of habeas corpus which he has

been granted leave to prosecute in forma pauperis.[2] For the reasons set forth below, it is

recommended that the petition be dismissed and because reasonable jurists could not conclude

that a basis for appeal exists, that a certificate of appealability be denied.

Labuda is presently serving a fifteen to thirty year sentence imposed follow his plea of

---

[1] Labuda names as the respondent, the United States District Court 3rd Circuit. Clearly, from the petition it is apparent that he is presently in custody at the State Correctional Institution at Albion serving a sentence imposed by the Court of Common Pleas of Westmoreland County, Pennsylvania, and that the appropriate respondent would be the warden of that facility. Bridges v. Chambers 425 F.3d 1048 (7th Cir.2005).

[2] Labuda originally filed the instant petition in the United States Court of Appeals for the Third Circuit on July 8, 2009 and the latter Court transferred it to this Court on July 13, 2009.

guilty to charges of conspiracy to manufacture, deliver and possess with intent to manufacture controlled substances, burglary and indecent assault at Nos. 346, 347, 348, 349 of 2003 and a probation violation at No. 2901 of 2002 in the Criminal Division of the Court of Common Pleas of Westmoreland County, Pennsylvania.[3] This sentence was imposed on December 19, 2003.[4] No appeal was pursued.[5]

A post-conviction petition was filed on August 9, 2004[6]. That petition was denied on September 14, 2005[7]. An appeal was taken to the Superior Court which Court on May 24, 2007, affirmed the denial of post-conviction relief.[8] Leave to appeal to the Pennsylvania Supreme Court was denied on November 21, 2007.[9]

In the instant petition which was executed according to the petitioner of July 31, 2009, but which had to have been executed earlier than that date since it was filed at the Court of Appeals on July 8, 2009, Labuda contends he is entitled to relief on the following grounds:

---

[3] The post-conviction court explained that on December 19, 2003, Labuda entered a plea at the 2003 case numbers and his probation was revoked at the 2002 case. See: Opinion and Order of the Court of the Court of Common Pleas which is appended as an exhibit to the petition.

[4] See: Petition at ¶¶ 1-6. It should also be noted that the petitioner incorrectly asserts that sentence was imposed in 2002.

[5] See: Petition at ¶9 and May 24, 2007 Memorandum of the Superior Court which is appended as an exhibit to the petition

[6] See: Petition at ¶ 11(a)(3).

[7] See: Petition at ¶ 11(a)(8).

[8] See: Petition at ¶ 11(b) and the May 24, 2007 memorandum of the Superior Court which is appended as an exhibit to the petition.

[9] See: November 21, 2007 letter of the Superior Court appended as an exhibit to the petition which denied the petition for interlocutory order which we will give the petitioner the benefit of the doubt and construe as a denial of leave to appeal.

1. Tainted evidence and chain of custody.

2. Coerced guilty plea.

3. Ineffective assistance of counsel.

4. Judicial misconduct, bias and prejudice.

5. Manifestly excessive sentences.

6. Ineffective appellate counsel.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner's sentence was imposed on December 19, 2003 and no appeal was pursued.  In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on

January 18, 2004.[10] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until August 9, 2004 or approximately seven months after his conviction became final.  That petition was denied on September 14, 2005 and the denial of post-conviction relief was affirmed by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on November 21, 2007.

Although dated July 31, 2009, the instant petition was probably executed in late June 2009 or approximately nineteen months after the denial of post-conviction relief.  Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred. This untimeliness is acknowledged by the petitioner, however, he seeks to invoke an equitable tolling of the statute of limitations. [11]

In support of his claim, Labuda states:

The defendant was hospitalized in December 2007 for complete shoulder reconstruction. This was the same time that the defendants' petition was to be triggered. This surgery had the defendant completely immobilized for four (4) months. (The right arm was strapped, stapled to his body and the right arm was his writing hand).  Also there was two months of rehab so the defendant could at a minimum use his arm to wash, clean and other hygienic purposes. At that time the defendant was already seven months into the 1 year given by 28 USCA § 2244(d).

Second the defendant has been in the confines of the restrictive housing unit since November 2008. The prison only allows two days a week two hours a slot. Also there is only access to the premises 4 program without a printer, along with (5) five books, 2007 civil procedures, 2007 Fed.Rules of Criminal Procedures, 2007 Pa Rules of Court, 2007 local rules Philadelphia Court Rules, and a Black's law dictionary. You can also only receive (3) three cases a week on an exchange at the regular library. I will be at this RHU until November 2009.

---

[10] See: PA.R.App.P. 903(a).

[11] See: Petition at ¶ 18.

4

Lastly I know that I am fairly new to the filing necessary paperwork because I was not represented properly by counsel as provided by law as well as rules of professional conduct. I was left hanging at the PCRA level and Superior Court level even asking for new counsel and being given the same one. I am acting pro se and have to learn as I go. I did not know where to go. I do know that not knowing is not an excuse for not filing but with the issues biased they are constitutional and miscarriage of justice. I have been wronged and no one wants to see this.

Approximately seven months of delay occurred in seeking post-conviction. There then ensued a time period in which post-conviction relief was being pursued, but the latter time period terminated with the denial of leave to appeal the denial of post-conviction relief by the Pennsylvania Supreme on November 21, 2007. The instant petition was probably executed in late June 2009 or approximately nineteen months later.  While the petitioner seeks to excuse this delay by noting that he was hospitalized in December 2007 and that his arm was immobilized for four months thereafter, there still was a period of approximately fourteen months between that time period and the execution of the instant petition. That Labuda was housed in the RHU does not provide an excuse for the delay especially when one considers that that housing was not imposed until November 2008. Thus, there is no basis upon which to invoke equitable tolling and the petition is time barred here.[12]

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the

---

[12] In Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir) cert. denied 549 U.S. 947 (2006), the Court held that equitable tolling is applicable where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Clearly, the first and third grounds are not applicable here and as discussed above, the petitioner cannot reasonably invoke the second basis for relief.

Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Accordingly, it is recommended that the petition of Dean James Labuda for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: August 12, 2009                    United States Magistrate Judge

6